UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LORRIE HUTCHCRAFT,**

    **Plaintiff,**                         **Case Action No.**

vs.

**UNITED STATES OF AMERICA,**

    **Defendant.**

_____/

## MEDICAL MALPRACTICE
## UNITED STATES OF AMERICA

## PARTIES, JURISDICTION AND VENUE

**COMES NOW** the Plaintiff, LORRIE HUTCHCRAFT (hereinafter PLAINTIFF), by and through her undersigned attorneys, and sues the Defendant, UNITED STATES OF AMERICA (hereinafter DEFENDANT), pursuant to the Federal Tort Claims Act (hereinafter the FTCA), 28 U.S.C. §§ 2671, et seq., and further alleges as follows:

1. This Court has jurisdiction under 28 U.S.C. § 1346(b).
2. This is a medical malpractice case.
3. This is an action brought under the FTCA, 28 U.S.C. §§ 2671, et seq. The Plaintiff, LORRIE HUTCHCRAFT, was a citizen of the State of Florida at the time of the incident at issue herein. The Defendant is the United States of America. The matter in controversy, exclusive of interest and costs, is Ten Million Dollars ($10,000,000.00).

4. On or about December 23, 2022, more than five months before this action was instituted, this claim was presented to the DEFENDANT through its Office of General Counsel, Torts Law Group, 810 Vermont Avenue, NW, Washington, DC 20420; its Office of Chief Counsel, VA Regional Office, 3322 West End Avenue, Suite 509, Nashville, Tennessee 37203; and its Office of Regional Counsel, Department of Veterans Affairs, 9500 Bay Pines Blvd., St. Petersburg, Florida 33708, in writing, and Form 95 submitted, all in accordance with provisions of 28 U.S.C. § 2675. Copies of the Form 95 (including Proof of Delivery and Return Receipts) are attached to this Complaint as Exhibit A and made a part hereof.

5. On February 10, 2023, the U.S. Department of Veterans Affairs – Office of General Counsel (hereinafter OGC) acknowledged receipt of the administrative tort claim. *See* Exhibit B attached hereto and made a part hereof.

6. On April 6, 2023, OGC denied PLAINTIFF's administrative claim. *See* Exhibit C attached hereto and made a part hereof. The denial directed the Plaintiff that she "must initiate suit within six months of the mailing of this notice as shown by the date of the denial (28 U.S.C. § 2401(b))." Thus, the Complaint must be filed on or before October 5, 2023.

7. The PLAINTIFF has performed all conditions precedent to the bringing of this action.

8. Venue is proper in this district pursuant to 29 U.S.C. § 1391(e), as the United States is a defendant and the damages giving rise to this claim occurred in this district.

9. PLAINTIFF was a resident of Pinellas County, Florida at the time of the incident at issue herein.

10. At all times mentioned herein, PLAINTIFF was a patient of THE

2

DEPARTMENT OF VETERANS AFFAIRS BAY PINES HEALTHCARE SYSTEM (hereinafter BAY PINES), located at 10000 Bay Pines Blvd., Bay Pines, Florida, 33744, which is located within the jurisdiction of this Court.

11. At all times mentioned herein, PLAINTIFF was treated for her severe right knee condition at BAY PINES by employees of the United States of America.

## COUNT I
## LIABILITY OF THE UNITED STATES OF AMERICA

12. This case is commenced and prosecuted against the United States of America pursuant to and in compliance with Title 28 U.S.C. §§2671-2680, commonly referred to as the "Federal Tort Claims Act". Liability of the United States is predicated specifically on Title 28 U.S.C. §§ 1346(b)(1) and 2674 because the personal injuries and resulting damages of which complaint is made, were proximately caused by the negligence, wrongful acts and/or omissions of employees of the United States of America at BAY PINES while acting within the scope of their office or employment, under circumstances where the United States of America, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual under the laws of the State of Florida.

## FACTS

13. This is a Federal Tort Claims Action for monetary damages sustained by the Plaintiff due to the Defendant's substandard medical, surgical and nursing care including, but not limited to, an above the knee amputation of her right knee and the resulting aftermath.

14. The Plaintiff was 58 years old when she presented in May of 2021, to BAY PINES complaining of right knee pain which was worse with activity. She was completely independent of gait and station. The Plaintiff came under the care of orthopedic surgeon Patricia A. Baumann, DO (hereinafter BAUMANN) at BAY PINES.

15. The preoperative assessment of the Plaintiff was that she had an aseptic loosening of a previous right total knee arthroplasty performed in 2016. The operative plan was for a right total knee arthroplasty.

16. The Plaintiff was taken to the operatory at BAY PINES on May 17, 2021. The preoperative plan was for longer stems and a new prosthesis to be placed in the right knee utilizing cement.

17. The planned surgery was started; however, mistakes were made, and complications ensued. Intraoperatively and without explanation, Defendant allowed the femoral cement to harden while implanting the femoral components of the arthrodesis. This resulted in the femoral components needing to be removed.

18. As a result of this mistake, the surgery changed dramatically from a prosthetic replacement to what can only be described as a leg destruction and attempt to salvage procedure.

19. The components had to be removed by force which resulted in a tibial fracture, cutting a hole through the tibia, a proximal tibial

4

osteotomy as well as the insertion of a static spacer. Steinman pins were also placed to hold the spacer and a right ORIF with plate and screws was also utilized to try and stabilize the destroyed tibia. The knee arthroplasty had to be abandoned completely.

20. No explanation was given by the Defendant for why the cement was allowed to harden prematurely or why the components were not placed properly in the first place. Defendant simply advised that there were complications which would be corrected.

21. Following the surgery, the Plaintiff remained at BAY PINES in skilled nursing for the next several months. She remained non-weight bearing with no use of the right leg.

22. The Plaintiff was never advised of any additional plans or procedures to repair her leg at any point over the next several months.

23. Likely due to immobility, the Plaintiff developed acute pulmonary embolism and chronic deep venous thrombosis of the left posterior tibial vein on or about June 10, 2021.

24. It should be noted that over the course of the next 6 months and for reasons never identified, the Plaintiff's right leg never healed.

25. All of this was through no fault of the Plaintiff and in fact Defendant's records repeatedly note that "She was a model patient in every respect."

26. On September 27, 2021, the Plaintiff was advised that BAUMANN was considering "doing a bone graft aspiration from the pelvis with injection into the fracture site nonunion in an attempt to jump start the union process." BAUMANN advised she "will discuss with the patient at next appt. 10-15, as the timing would be 5-6 months post sx."

27. It does not appear that the bone graft aspiration was ever performed or even discussed with the Plaintiff.

28. The Plaintiff continued in-patient at BAY PINES and in November of 2021 BAUMANN noted that that the periprosthetic tibial fracture – caused by BAUMANN in the May 17, 2021, surgery had failed.

29. The Plaintiff was ultimately advised in the fall of 2021, she would need additional surgery and the Plaintiff was returned to the operating room on November 24, 2021, where BAUMANN performed a right above knee amputation and removed the right leg from mid-femur down.

30. Currently, the Plaintiff continues to have decreased sensation in her remaining left leg; she has undergone a right above the knee amputation; she uses a walker/wheelchair for ambulation; she is unable to work and is totally and permanently disabled. She is dependent upon others for most aspects of her life and feels she is a burden to her family. The Plaintiff is severely depressed and in pain every day.

31. U.S. Government health care providers at BAY PINES were negligent in all aspects with regard to her right knee injury and resulting amputation. This negligence has caused permanent and life-changing disabilities to the Plaintiff.

# COUNT II
# CAUSE OF ACTION AGAINST
# THE UNITED STATES OF AMERICA

32. Defendant was negligent in one or more of the following respects:
   a. In failing to timely and properly treat Plaintiff.
   b. In failing to provide adequate and proper informed consent.
   c. In failing to disclose lack of training, experience, credentials and/or qualifications to perform subject procedures.
   d. In failing to discuss possible complications and/or alternatives of procedures to be performed.
   e. In failing to properly recognize, diagnose and treat Plaintiff's orthopedic and other conditions.
   f. In failing to properly and/or timely perform necessary evaluations, tests, and/or procedures.
   g. In failing to prevent and, in fact, causing extensive damage to the Plaintiff.
   h. In failing to prevent and, in fact, causing unnecessary and extreme tissue, bone and nerve loss/damage to the right and left legs of the Plaintiff.
   i. In failing to prevent and, in fact, causing numerous other injuries and extreme scarring, disfigurement and loss of limb to the Plaintiff.
   j. Performing an unnecessary and dangerous procedure causing permanent and irreversible damage to the Plaintiff.

 k. In failing to refer the Plaintiff to a competent specialist in a timely manner.

 l. In failing to properly address the Plaintiff's pain, condition and complications due to the improper and deficient performance of procedures and failure to perform necessary evaluations and treatment.

 m. In failing to timely and properly care for Plaintiff.

 n. In failing to timely and properly evaluate Plaintiff.

 o. In failing to timely and properly monitor Plaintiff.

 p. In failing to timely and properly perform surgical and operative techniques, procedures and diagnostic studies on Plaintiff.

 q. In failing to timely and properly perform post-surgical procedures and diagnostic studies on the Plaintiff.

 r. In failing to properly document and/or completely document the treatment of the Plaintiff.

 s. In failing to timely and properly perform surgical procedures, non-surgical procedures and/or diagnostic procedures necessary to salvage the Plaintiff's right leg.

33. Within a reasonable degree of medical probability, the DEFENDANT breached the standards of care required as applicable to orthopedists, surgeons, physicians, providers, and surgical centers licensed to practice in the State of Florida and all other states, in their treatment of the Plaintiff, and that as a direct result of those breaches, the Plaintiff suffered permanent physical injury.

34. Additionally, had the DEFENDANT properly counseled, informed, monitored, treated, evaluated and managed the Plaintiff before, during and after the subject treatment, Plaintiff would not have

suffered the permanent injuries, pain and suffering, disfigurement, medical expenses, wage loss, loss of earning capacity, and disability.

35. As a direct and proximate result of the negligence of the DEFENDANT, its agents, servants and/or employees, the Plaintiff was caused to suffer non-economic damages, including pain and suffering, inconvenience, physical impairment, mental anguish, disfigurement, loss of capacity for enjoyment of life, and disability.

**WHEREFORE**, the PLAINTIFF demands judgment against the DEFENDANT in the amount of Ten Million Dollars ($10,000,000.00) together with costs of maintaining this action and whatever other relief is just.

## COUNT III

### ACTUAL AGENCY/RESPONDEAT SUPERIOR
### UNITED STATES OF AMERICA

36. The DEFENDANT owned, operated and maintained a full-service acute/chronic care hospital, namely, BAY PINES, which was the main medical care provider for the treatment of the Plaintiff.

37. At all times material hereto, the DEFENDANT, through the full-service acute care hospital it owned, operated and maintained (BAY PINES) was responsible for the negligence of its agents, servants and/or employees who worked, operated, were employed, and provided medical care therein.

38. Alternatively, or additionally, BAY PINES was authorized to act on behalf of the DEFENDANT and its actions with respect to the treatment of the Plaintiff were controlled by the DEFENDANT or, alternatively, were subject to the DEFENDANT's right of control.

39. The DEFENDANT is responsible for the negligence of BAY PINES as such negligence occurred while the Plaintiff was receiving services which BAY

PINES was authorized to perform and was performing acts which were reasonably incidental to the duties for the DEFENDANT, or alternatively was performing acts that were reasonable, foreseeable, and reasonably expected from their authorization by the DEFENDANT.

40. BAY PINES was performing an essential function for the DEFENDANT which, through such full-service acute care hospital that it owned, operated and maintained, BAY PINES undertook to provide medical services to patients such as the Plaintiff.

41. The DEFENDANT is therefore vicariously responsible for any one or more of the above-described actions and/or inactions of its agents, servants and/or employees of BAY PINES.

42. As a result of any one or more of the above-described actions and/or inactions of BAY PINES, the Plaintiff suffered serious bodily injury, pain and suffering, disfigurement, mental anguish, loss of the capacity for enjoyment of life, the expense of hospitalization, additional medical opinions, medical and nursing care and treatment, and disability.

**WHEREFORE**, the PLAINTIFF demands judgment against the DEFENDANT in the amount of Ten Million Dollars ($10,000,000.00) together with costs of maintaining this action and whatever other relief is just.

## AD DAMNUM

**WHEREFORE**, the PLAINTIFF, by and through her undersigned counsel, sues the DEFENDANT for the following relief:

    a. The reasonable value or expense of hospitalization and medical care and treatment necessary or reasonably obtained by the Plaintiff in the past.

   b. The reasonable value or expense of hospitalization and medical care and treatment necessary or reasonably obtained by the Plaintiff in the future.

   c. The reasonable value of Five Million Dollars ($5,000,000.00) in personal injury damages sustained by the Plaintiff, including, but not limited to, any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, loss of capacity for enjoyment of life, and loss of earning capacity experienced in the past.

   d. The reasonable value of Five Million Dollars ($5,000,000.00) in personal injury damages sustained by the Plaintiff, including, but not limited to, any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, loss of capacity for enjoyment of life, and loss of earning capacity to be experienced in the future.

   e. Taxable costs.

**WHEREFORE**, the PLAINTIFF demands judgment and an award of damages against the DEFENDANT for all claims for damages in an amount not to exceed Ten Million Dollars ($10,000,000.00), the amount as claimed in her administrative claim, and for allowable costs, interest and such other and further relief as the Court deems just and proper. Alternatively, the PLAINTIFF demands trial by jury.

AVARD LAW OFFICES, P.A.

s/ **Douglas D. Mohney**
Douglas D. Mohney (FBN 0997500)
Michael G. Sexton (FBN 0083407)
Carol A. Avard (FBN 0834221)

Attorneys for Plaintiff
P. O. Box 101110
Cape Coral, FL 33910
Tel. 239-945-0808
Fax 239-677-2687
dmohney@avardlaw.com
msexton@avardlaw.com
cavard@avardlaw.com
deborahw@avardlaw.com

12